[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 28, 2006**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-14708
Non-Argument Calendar

_____

D. C. Docket No. 04-00211-CV-FTM-29-SPC

J. RAE HOYER,
individually, and as Personal Representative
of the Estate of David J. Hoyer, M.D., deceased,

Plaintiff-Appellee,

versus

DON HUNTER,
as Sheriff of Collier County,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 28, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order denying appellant Sheriff Don Hunter's ("Sheriff Hunter") motion for new trial. The appellee in this case, J. Rae Hoyer ("Mrs. Hoyer"), is the widow of deceased psychiatrist, Dr. David J. Hoyer ("Dr. Hoyer"). Dr. Hoyer arrived at the Collier County, Florida, jail on January 3, 2001, to evaluate the competency to stand trial of known dangerous inmate Rodriguez Patten ("inmate Patten"). While interviewing and assessing inmate Patten's competency, inmate Patten strangled Dr. Hoyer, causing his death. This suit was filed by Mrs. Hoyer in state court but later was removed by Sheriff Hunter to the United States District Court for the Middle District of Florida. After a five-day jury trial, the jury returned a verdict in Mrs. Hoyer's favor. A judgment was entered on the jury's verdict in the sum of $1,325,130.00. Sheriff Hunter contends in this appeal that the district court committed reversible error in permitting certain testimony of Mrs. Hoyer's expert witness, Randall Atlas ("Atlas").

We review a district court's evidentiary rulings, including its rulings on the admissibility of expert testimony, for abuse of discretion. *Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005); *Wright v. CSX Transp., Inc.,* 375 F.3d 1252, 1260 (11th Cir. 2004). We also review the denial of a motion for new trial for abuse of discretion. *Lambert v. Fulton County, Ga.,* 253

2

F.3d 588, 595 (11th Cir. 2001). "Our cases, consistent with Rule 61 of the Federal Rules of Civil Procedure, hold that a new trial is warranted only where the error has caused substantial prejudice to the affected party (or, stated somewhat differently, affected the party's "substantial rights" or resulted in "substantial injustice")." *Peat, Inc. v. Vanguard Research, Inc.,* 378 F.3d 1154, 1162 (11th Cir. 2004) (citations omitted).

After reviewing the record, including the trial testimony of Atlas, as well as reading the parties' briefs, we conclude that, even if the district court erred in admitting certain aspects of Atlas's testimony, the error was harmless. First, Sheriff Hunter admitted at trial that he at least owed Dr. Hoyer a general duty of care. Second, and more importantly, even if there were error in admitting Atlas's testimony, the district court's jury instructions cured the error. In instructing the jury on the relevant law pertaining to Sheriff Hunter's liability, the court stated:

> The court instructs you, as a matter of law, that defendant Don Hunter, is responsible for any negligence on the part of his agents or employees, including those agents or employees of the Collier County Jail. In addition, the Sheriff has a duty to use reasonable care for the safety of persons who enter the jail. **However, as a matter of law, Sheriff Hunter is not responsible for any damages resulting from failing to classify inmate Rodrigus [sic] as a high-risk inmate, or for any design defects in the building, such as the location and size of the window, or the direction in which the door opened.**

(R. Vol. 10 at 754-755) (emphasis added).

Because of this curative instruction, and the other evidence presented at trial, we cannot say that, even if the district court committed error by permitting the jury to hear all of Atlas's testimony, it was "substantially prejudicial" to Sheriff Hunter's case. Accordingly, we affirm the district court's order denying Sheriff Hunter's motion for new trial and the judgment entered on the jury's verdict.

AFFIRMED.